## In re INDIANA CENTRAL TELE-PHONE CO.

### No. 1183.

District Court, D. Delaware.

July 20, 1938.

Caleb S. Layton (of Richards, Layton & Finger) of Wilmington, Del., for debtor.

Hugh M. Morris and Edwin D. Steel, Jr., both of Wilmington, Del., and Edward J. Farrell (of Brewer & Farrell) of Chicago, Ill., for Bondholders' Protective Committee.

Caleb R. Layton, 3d (of Hastings, Stockly & Duffy), of Wilmington, Del., and A. J. Schanfarber, of Chicago, Ill., for Harry L. Drake.

Clarence A. Southerland (of Ward & Gray), of Wilmington, Del. and G. Herbert Semler and Eduardo Andrade (of Winthrop, Stimson, Putnam & Roberts), of New York City, for General Telephone Corporation.

NIELDS, District Judge.

Hearing on amended plan of reorganization of Indiana Central Telephone Company dated November 27, 1936.

By the terms of the amended plan the assets of the debtor consisting of the common stocks of three operating companies and $7,553.06 in cash are to be turned over to a new company. The three operating companies are Southwestern Associated Telephone Company, Interstate Telephone Company and Michigan Associated Telephone Company, hereinafter called "Southwestern", "Interstate" and "Michigan". The new company will pay in full "priority claims" amounting to $24,409.84 (of which $23,993.12 is in dispute) and "general claims" totaling $91.96. The new company also will assume payment of the administration expenses as allowed by this court. The only other creditors of the debtor are the holders of First Lien bonds in the amount of $1,700,000. To these bondholders will be issued all securities of the new company consisting of 51,000 shares of common stock and purchase rights for 10,200 additional shares of common stock at a price of $22.16⅔ per share. Each holder of a $500 bond will receive fifteen shares of common stock and purchase rights for three additional shares. Holders of 82% of these bonds have accepted the amended plan.

The entire capital stock of the debtor is owned by General Telephone Corporation. That company is the holder of a note of the debtor for $2,166,571.97, the validity of which is in dispute. General Telephone Corporation will receive nothing under the amended plan as stockholder or as holder of said note. It is entitled to exercise within thirty days after the date of the expiration of the purchase rights all such purchase rights as shall not have been exercised by First Lien bondholders. By an undertaking dated November 27, 1936, attached to the amended plan, General Telephone Corporation has obligated itself to exercise such purchase rights subject to the confirmation of the amended plan. It is the owner of 67% of such bonds. Under the amended plan it will be entitled to designate five out of the seven directors constituting the first board.

■ The only objector to the plan is one bondholder holding bonds of the face amount of $50,000. His objections are:

(1) That it is unnecessary to have a new holding company costing between $15,000 and $18,000 per year. However, the debtor requires funds to pay priority claims, reorganization expenses and for working capital. Such funds can not be raised by dividends on the common stocks of the operating companies in the opinion of their directors but can only be raised by the sale of rights to purchase stock in a new company. This is a complete answer to the first objection.

■ (2) That it is unfair to permit General Telephone Corporation to take up such purchase rights as the bondholders do not take up. At present these purchase rights are worth approximately $7 per right. No plan of reorganization requiring the raising of additional cash can be feasible unless the raising of such cash is definitely provided for. Each bondholder is entitled to exercise or not to exercise his right to purchase additional shares. Here General Telephone Corporation entered into a com-

mitment over a year and a half ago to exercise all purchase rights not exercised by other bondholders. Such a commitment is necessary to make the amended plan feasible and is not unfair to any bondholder.

■ (3) That it is unfair for General Telephone Corporation to elect a majority of the first board of directors. In view of the fact that it owned 67% of the bonds outstanding and the entire equity of the debtor, this objection is not tenable.

■ The objector has petitioned that the claim of General Telephone Corporation based upon the bonds of the debtor owned by it be limited to the actual consideration paid for such bonds by General Telephone Corporation or by any of its predecessors or affiliates. Objector also petitioned that the right of General Telephone Corporation to vote upon the amended plan be limited to such actual consideration.

The bonds of the debtor were acquired by General Telephone Corporation and its predecessors over a period of more than seven years. The principal amount of such holdings is $1,138,000, of which amount $395,000 principal amount of bonds had accepted the plan before they were acquired by General Telephone Corporation, $517,-500 principal amount of said bonds were obtained by predecessors of General Telephone Corporation before these proceedings were instituted and $64,000 of these bonds were purchased in the open market. All bonds recently obtained were acquired as the result of tenders by various investment houses. The only effect of such sales was to raise the market price of the bonds which could not harm the objector.

The so-called "scrutiny clause" of Section 77B(b) of the Bankruptcy Act, 11 U. S.C.A. § 207(b), does not apply to this situation unless the claimant was a duly authorized agent or committee acting on behalf of other creditors of the debtor. General Telephone Corporation is neither. There is absolutely no evidence in the record of fraud, overreaching, misrepresentation or prejudice of any kind on the part of General Telephone Corporation. In re Celotex Co., D.C., 12 F.Supp. 1; Texas Hotel Securities Corp. v. Waco Development Co., 5 Cir., 87 F.2d 395, certiorari denied Waco Development Co. v. Rupe, 300 U.S. 679, 57 S.Ct. 671, 81 L.Ed. 883; In re Pressed Steel Car Co. of New Jersey, D.C., 16 F.Supp. 329.

■ Objector contends that General Telephone Corporation occupies a fiduciary relationship with debtor because of its ownership of the common stock of debtor and because of interlocking boards of directors and officers. Assume that relationship for the sake of argument, how can it create any fiduciary relationship between General Telephone Corporation and the holders of bonds of debtor? Surely a holder of the common stock of a company may also purchase the bonds of that company.

The consideration paid for debtor's bonds held by General Telephone Corporation is $819,100. Acceptances by other holders total $272,000, making the total acceptances $1,091,100 out of a total amount of allowed claims of $1,381,000. If objector's petition in this respect was granted the amended plan remains accepted by 79% of what would then be the allowed claims.

Objector's petition must be dismissed and the amended plan of reorganization confirmed.